# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RYAN GALLAGHER § | |
| § | Civil Action No. 4:18-CV-575 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| KEN PAXTON, ET AL. § | |

## MEMORANDUM ADOPTING REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 15, 2019, the reports of the Magistrate Judge (Dkts. #80, #81) were entered containing proposed findings of fact and recommendations that: (1) each of Defendants Collin County and Judge Rippel's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #51), Judge Wheless's Motion to Dismiss (Dkt. #58), and Attorney General Paxton's Motion to Dismiss (Dkt. #59) be granted and Plaintiff's "Request for Writs of Quo Warranto, Prohibition and Mittimus" (Dkt. #36) be denied; and (2) Defendant Collin County's Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant (Dkt. #65) and Supplement (Dkt. #73) be granted in part and denied in part. Having received the reports of the Magistrate Judge, having considered Defendant Collin County's Limited Motion for Reconsideration (Dkt. #82), Plaintiff's Objection (Dkts. #83, #84, #85), Defendant Collin Count's Response to Plaintiff's Objection (Dkt. #86), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's reports should be adopted, as set forth herein.

### RELEVANT BACKGROUND

On July 2, 2018, Plaintiff Ryan Gallagher initiated suit in the Northern District of Texas (Dkt. #3). The Northern District of Texas transferred the matter to the Eastern District of Texas,

Sherman Division, on August 13, 2018 (Dkts. #33, #34). Plaintiff filed an amended complaint on September 21, 2018, against Defendants Collin County, Texas, Texas Attorney General Ken Paxton, Judge David Rippel, and Judge Ray Wheless (Dkt. #39).

In 2010, Plaintiff was charged in Collin County with a violation of Texas Penal Code § 481.121(b)(1), possession of marijuana, in a quantity of less than two ounces after a search of his residence revealed the presence of marijuana.[1] *State of Texas v. Ryan Gallagher*, Cause No. 0058313010. Plaintiff pleaded guilty to the criminal charges, and was placed on deferred adjudication, sentenced to one year of probation, thirty hours of community service, and directed to attend the Drug Offenders Program. Plaintiff failed to report for probation, and instead fled Texas for Colorado, among other states, until he returned to Texas, where he served time at the Collin County jail (Dkt. #39 at pp. 2–3). Throughout his incarceration, Plaintiff avers that his religious rights were violated because he was not permitted to smoke marijuana and was told he could not be Hindu (Dkt. #39 at p. 3). Plaintiff was released from custody in 2015. Plaintiff contends he was unable to obtain employment or rent property following his release due to being "labeled a 'Criminal.'" In addition, when trying to apply for a job in 2017, Plaintiff alleges his record erroneously or falsely showed a felony (not misdemeanor) conviction (Dkt. #39 at p. 3).

Plaintiff sued Collin County in state court on March 20, 2017, raising his alleged right to smoke marijuana as part of his religion (the "2017 State Court Lawsuit"). *Ryan Gallagher v. Collin County*, Cause No. 005-00650-2017. On March 27, 2017, the 2017 State Court Lawsuit was transferred to Judge Cynthia Wheless, Cause No. 417-01458-2017.[2] On November 14, 2017, the state court dismissed the 2017 State Court Lawsuit (Dkts. #51-4, #51-5).

---

[1] Plaintiff alleges he "is a Hindu Shaivite, and Marijuana is considered to be the Flesh of the Lord Shiva" (Dkt. #39 at p. 2) and its use is necessary to his religious practices.
[2] Plaintiff names Judge Ray Wheless, rather than Judge Cynthia Wheless, as Defendant in the instant case (Dkt. #51-1).

In the instant suit, which also seeks to litigate Plaintiff's religious beliefs related to marijuana, Plaintiff does not delineate specific claims against each of Defendants, but instead, lists his various grievances with how his state criminal proceedings and the 2017 State Court Lawsuit were handled. Relevant to Plaintiff's Objection (hereinafter defined), as relief, Plaintiff requests to "[o]verturn these Sanctions simply on Free Speech and Redress of Grievance Grounds, if not on Texas Statutory Grounds, provide Declaratory Relief, Injunctive Relief, and Investigation, and Punitive, Real and other Damages as requested in the Original Lawsuit against the County 417-01458-2017, in the amount of $10,000,000.00" (Dkt. #39 at p. 4). Plaintiff does not clarify what specific declaratory or injunctive relief he seeks.

Defendants Collin County and Judge Rippel, Judge Wheless, and AG Paxton all filed Motions to Dismiss Plaintiff's claims (Dkts. #51, #58, #59). Defendant Collin County also filed a Motion for Sanctions and Supplement, requesting monetary sanctions, a declaration that Plaintiff is a vexatious litigant, and pre-filing injunction (Dkts. #65, #73). On May 15, 2019, the Magistrate Judge entered two Reports, recommending that: (1) each of Defendants Collin County and Judge Rippel's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #51), Judge Wheless's Motion to Dismiss (Dkt. #58), and Attorney General Paxton's Motion to Dismiss (Dkt. #59) be granted and Plaintiff's "Request for Writs of Quo Warranto, Prohibition and Mittimus" (Dkt. #36) be denied; and (2) Defendant Collin County's Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant (Dkt. #65) and Supplement (Dkt. #73) be granted in part and denied in part. The Report recommending dismissal of Plaintiff's claims specifically found that: (1) his claims against Judges Rippel and Wheless and AG Paxton in their official capacities are barred by sovereign immunity; (2) Plaintiff's claims against Judges Rippel and Wheless in their individual capacities are barred by judicial immunity; (3) Plaintiff's claims against AG Paxton in his

individual capacity are barred by prosecutorial immunity; and (4) Plaintiff's Amended Complaint does not reference any county policy or a persistent, widespread practice, and therefore, Plaintiff has failed to state a § 1983 claim against Collin County. On May 16, 2019, Defendant Collin County filed its "Limited Motion for Reconsideration of the Scope of the Pre-filing Restrictions Contained in the Magistrate Judge's Report and Recommendation" (Dkt. #82), asking only to modify the terms of the pre-filing injunction recommended by the magistrate judge. On May 24, 2019, Plaintiff filed his "Motion to End ECF, Request for Transfer and Response to Magistrate" ("Plaintiff's Objection") (Dkts. #83, #84, #85). Defendant Collin County responded to Plaintiff's Objection on May 24, 2019, reasserting its request to alter the language of the proposed pre-filing injunction (Dkt. #86).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff's Objection does not specify to which of the Magistrate Judge's Reports he objects; rather, Plaintiff broadly asserts three arguments in "response to the Magistrate:" (1) "[t]his Magistrate failed to recognize the key issue in the case, the fact that [Plaintiff] was given a false felony for 7 years. . . .which affected [his] ability to get jobs and rent"; (2) this case belongs in the Northern District of Texas, and "[i]f this were a Case meant to be dismissed, it would have been dismissed in the Northern District"; and (3) "[Plaintiff] also asked for declaratory relief. . . .[judges] are not immune from declaratory relief" (Dkts. #83, #84, #85).

*False Felony*

Plaintiff argues that "[t]his Magistrate failed to recognize the key issue in the case, the fact that [Plaintiff] was given a false felony for 7 years. A false felony, which affected my ability to get jobs and rent. This Magistrate has ignored the main issue in the case" (Dkt. #83). Plaintiff is mistaken; the Report expressly enumerated and considered Plaintiff's argument:

> Plaintiff also contends that as a result of his criminal proceedings, he could not receive employment or rent property due to being "labeled a 'Criminal;'" Plaintiff specifically recounts trying to apply for a job in 2017, but having his record erroneously show a felony conviction, which he attributes to "Judge Rippel [leaving] it open as 'Released from Jail' rather than 'Dismissed'"

(Dkt. #80 at p. 3). The Report found that such allegation did not alter the conclusion that Plaintiff's claims against Defendants were barred by sovereign immunity, judicial immunity, prosecutorial immunity and/or did not establish *Monell* liability (*see* Dkt. #80). Neither Plaintiff's Objection, nor the record, demonstrate that such findings by the Magistrate Judge are incorrect. The Magistrate Judge did not ignore the "main issue." Plaintiff's objection is overruled.

*Transfer to the Northern District of Texas*

Plaintiff next argues that his claims should not be dismissed because the instant case should be transferred back to the Northern District of Texas, and had dismissal been appropriate, the Northern District would have dismissed the matter prior to transferring the case to the Eastern District of Texas (Dkt. #83). The Northern District of Texas transferred this matter to the Eastern District of Texas "[b]ecause all of the events upon which this case is based appear to have occurred in the Eastern District, and at least two of the current defendants are located there" (Dkt. #33 at p. 2). Plaintiff's conclusory assertions do not demonstrate that the Eastern District is an improper venue for this lawsuit, and further, there is no indication in the record, aside from Plaintiff's baseless speculation, that the Northern District would have reached a different result.

5

Plaintiff also requests that the instant case be transferred back to the Northern District of Texas. Prior to the pending Objection, Plaintiff has never moved to transfer this matter to the Northern District or any other federal court from the Eastern District of Texas. Plaintiff's objection is overruled.

*Absolute Judicial Immunity*

Plaintiff also argues that "[he] also asked for declaratory relief. [The Magistrate Judge] claims judges are immune, but they are not immune from declaratory relief" (Dkt. #85). As an initial matter, the Court finds that although Plaintiff lists "Declaratory Relief" as a request from the Court, nowhere in Plaintiff's Amended Complaint does he provide any specific details about this request, namely what he requests the Court to declare (Dkt. #39 at p. 4). Even so, "although judicial immunity does not bar [certain] claims for injunctive or declaratory relief in civil rights actions, [herein] Plaintiff cannot obtain any requested declaratory or injunctive relief because federal courts have no authority to direct state courts or their judicial officers in the performance of their duties." *See Bailey v. Willis*, 417CV00276ALMCAN, 2018 WL 3321461, at *11 (E.D. Tex. Jan. 11, 2018), *report and recommendation adopted*, 4:17-CV-276, 2018 WL 2126476 (E.D. Tex. May 8, 2018) (Mazzant, J.) (quoting *Hunter v. Price*, No. A-15-CV-405-LY, 2015 WL 2454118, at *3 (W.D. Tex. May 21, 2015) (quoting *LaBranche v. Becnel*, 559 F. App'x 290, 290-91 (5th Cir. 2014))). Plaintiff's objection is overruled.

*Plaintiff's Remaining Complaint – Motion to End ECF*

Plaintiff further complains that the Magistrate Judge denied his request to e-file, but granted him permission to receive electronic notifications in the case. Specifically, Plaintiff argues that he "asked for Electronic Case Filing (ECF), not E-Service. I can not [sic] use PACER because I am Indigent and have Fees, so to use E-Service to serve me literally doesn't work, and is a

Violation of my Right to be Served" (Dkt. #83). Plaintiff's complaint is irrelevant to the issue of dismissal; it does not affect the Report's finding that Plaintiff's claims should be dismissed and this matter closed.

*Pre-Filing Injunction*

Finally, the Report addressing Defendant Collin County's Motion for Sanctions and Supplement found that: (1) Collin County's request to impose § 1927 sanctions on *pro se* Plaintiff should be denied; (2) Collin County's attorney fees should not be awarded as a sanction; but (3) the imposition of a pre-filing injunction is appropriate in this matter to deter further vexatious, abusive, and harassing litigation by Plaintiff because "Plaintiff has now filed over 24 cases nationwide, the bulk of which related to his perceived rights to use marijuana religiously and/or which were deemed to be frivolously filed" and "Plaintiff is already subject to at least one pre-filing injunction (of which the Court is aware) in a federal court" (Dkt. #81 at pp. 9–10).

Using the pre-filing injunction imposed on Plaintiff by the District of Colorado in *Gallagher v. DEA*, Civil Action No. 18-CV-2505-GPG (Dkt. #10), the Court recommended that Plaintiff not be allowed to proceed *pro se* in the Eastern District of Texas until he meets certain requirements, including providing the Court with: (1) "A list of all lawsuits currently pending or filed previously in the Eastern District of Texas"; and (2) "A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in the Eastern District of Texas" (Dkt. 81 at p. 11).

Plaintiff has not objected to the proposed pre-filing injunction; Defendant Collin County, however, requests that the requirements of the proposed pre-filing injunction be broadened in light of Plaintiff's conduct subsequent to entry of the Reports (Dkts. #82; #86 at pp. 4–5). Specifically, Defendant argues, "[u]nder the current recommended process, [] Plaintiff could avoid the complete

disclosure of his entire litigation history. . . .[and] could comply. . . by just disclosing the instant lawsuit -- the only one filed in the Eastern District -- and in doing so present a very skewed. . . picture of the scope and breadth of Plaintiff's actual ligation history" (Dkt. #82 at pp. 2–3). Defendant suggests, as a solution, that the proposed pre-filing injunction "be slightly modified so that. . . the disclosure requirement be for 'all lawsuits currently pending or previously filed in any Federal or State Court' and a statement 'of the legal issues to be raised in the proposed new pleading and whether Plaintiff has raised the same issues in other proceedings in any Federal or State Court.'" Plaintiff has not responded to Defendant's request to modify the proposed pre-filing injunction. The language suggested by Defendant Collin County in its Objection would best serve the Court's purpose in imposing this pre-filing injunction. Accordingly, Defendant's objection is sustained, and the pre-filing injunction shall be modified as set forth herein.

## CONCLUSION

Having considered Defendant Collin County's Limited Motion for Reconsideration (Dkt. #82), Plaintiff's Objection (Dkts. #83, #84, #85), and having conducted a de novo review, the Court adopts the Magistrate Judge's reports (Dkt. #80, #81) as the findings and conclusions of the Court, as set forth below.

It is, therefore, **ORDERED** that each of Defendants Collin County and Judge Rippel's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #51), Judge Wheless's Motion to Dismiss (Dkt. #58), and Attorney General Paxton's Motion to Dismiss (Dkt. #59) are **GRANTED**. Plaintiff's § 1983 claims against Defendants Judges Wheless and Rippel and AG Paxton in their official capacities are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's § 1983 claims against Defendants Judges Wheless and Rippel and AG Paxton in their individual capacities are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's "Request for Writs of Quo Warranto, Prohibition & Mittimus" (Dkt. #36) is **DENIED**.

It is further **ORDERED** that Defendant Collin County's Motion for Sanctions and to Declare Plaintiff a Vexatious Litigant (Dkt. #65) and Supplement (Dkt. #73) be **GRANTED IN PART AND DENIED IN PART**. Specifically, Plaintiff shall be enjoined from future filings in this District as follows:

> Plaintiff is prohibited from filing new actions in the United States District Court for the Eastern District of Texas without the representation of a licensed attorney admitted to practice in the Eastern District of Texas, unless he obtains permission to proceed *pro se*. In order to obtain permission to proceed *pro se*, Plaintiff is directed to take the following steps:
>
> 1. File with the clerk of this Court a motion requesting leave to file a *pro se* action.
>
> 2. Include in the motion requesting leave to file a *pro se* action the following information:
>
>> A. A list of all lawsuits currently pending or filed previously in any Federal or State Court, including the name, number, and citation, if applicable, of each case, and the current status or disposition of each case; and
>>
>> B. A statement of the legal issues to be raised in the proposed new pleading and whether he has raised the same issues in other proceedings in any Federal or State Court. If so, he must cite the case number and docket number where the legal issues previously have been raised.
>>
>> C. A notarized affidavit, in proper legal form, which certifies that, to the best of Plaintiff's knowledge, the legal arguments being raised are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, that the action is not interposed for any improper purpose such as delay, harassment, or to needlessly increase the cost of litigation, and that he will comply with all federal and local rules of this Court.
>
> 3. Submit the proposed new pleading to be filed in the *pro se* action.
>
> The above-described documents shall be submitted to the Clerk of the Court, who shall forward them the Chief Judge, or other judge designated by the Chief Judge, for review. If the motion requesting leave to file a *pro se* action is denied, the matter will be dismissed. If the motion requesting leave to file a *pro se* action is granted,

the case will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 10th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE